Abbas Kazerounian, Esq. (SBN: 48522)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: 800.400.6808
Facsimile: 800.520.5523

Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:  (619) 233-7770
Facsimile: (619) 297-1022

Kevin J. Cole, Esq. (SBN 321555)
kevin@parkercolelaw.com
**PARKER COLE, P.C.**
6700 Fallbrook Ave, Suite 207
West Hills, CA 91307
Telephone: (818) 292-8800
Facsimile: (818) 292-8337

*Attorneys for Plaintiff*
Peyman Gravori

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PEYMAN GRAVORI,** individually and on behalf of others similarly situated**,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LIONDESK LLC,**<br><br>**Defendant.** | Case No.:  **'20CV0766 AJB  MSB**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**Jury Trial Demanded** |

**CLASS ACTION COMPLAINT**                                                                                     PAGE 1

# INTRODUCTION

1. Peyman Gravori ("Plaintiff"), brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of LionDesk LLC ("LionDesk" or "Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls that are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. Plaintiff brings this case as a class action seeking damages for himself and others similarly situated.

## JURISDICTION & VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law 47 U.S.C. § 227(b).

8. Because Defendant is authorized to and regularly conducts business within the State of California and its principal place of business is in California, personal jurisdiction is established. In addition, Defendant intentionally and voluntarily directed its text messages at Plaintiff, a California resident, and this action arises from this contact with the forum state.

**CLASS ACTION COMPLAINT** PAGE 3

9. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained herein occurred within this judicial district; and (iii) Defendant resides within this judicial district.

## PARTIES & DEFINITIONS

10. Plaintiff is, and at all times mentioned herein was, a natural person residing in the State of California.

11. Defendant is, and at all times mentioned herein, was a Delaware limited liability company with its principal place of business located in Carlsbad, California. Defendant is authorized to and regularly conducts business within the State of California.

12. Defendant is a customer relationship management and transaction management platform for sales professionals serving multiple industries, including real estate.

13. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (39).

## FACTUAL ALLEGATIONS

14. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number.

15. In or around June of 2017, Plaintiff reached out to a real estate salesperson, Claudia Ilcken, expressing an interest in purchasing a residential property.

16. Upon information and belief, at the time, Ms. Ilcken worked under Better Net Inc. d/b/a Keller Williams Realty Coastal Properties ("Keller Williams"), a licensed California real estate brokerage corporation.

17. Upon meeting Ms. Ilcken, Plaintiff provided her with his contact information including his cellular telephone number.

18. Plaintiff never gave Ms. Ilcken or Keller Williams his express written consent to receive telemarketing calls or texts utilizing an automatic telephone dialing system ("ATDS").

19. Upon information and belief, Ms. Ilcken entered into a contract with Defendant, separate and apart from her communications and relationship with Plaintiff. Under the contract, Ms. Ilcken uploaded her clients' phone numbers, including Plaintiff's, into Defendant's database. Defendant, in turn, agreed to send text messages, *en masse*, to the phone numbers in its database, including Plaintiff's. At the time, Plaintiff was unaware of the contract between Ms. Ilcken and Defendant.

20. Plaintiff did not provide Ms. Ilcken or Keller Williams with permission to provide his cellular telephone number to Defendant.

21. Plaintiff did not provide Ms. Ilcken, Keller Williams, or Defendant with his express written consent to receive telemarketing calls or texts from Defendant (or any other entity) through an ATDS.

22. Nonetheless, beginning in January 2020, Defendant began sending Plaintiff unsolicited, unwanted marketing text messages to Plaintiff's cellular telephone.

23. Between January 1, 2020 and February 18, 2020, Defendant sent Plaintiff at least seven text messages from the phone number (562) 280-2807.

24. On at least four separate occasions, Plaintiff requested Defendant stop texting him.

25. For instance, on February 3, 2020, Plaintiff responded to Defendant's text message as follows: "Can you please remove me form you [sic] text message marketing campaign? thank you"

26. Immediately thereafter, Defendant text Plaintiff the following message: Hi Peyman, I wanted to be the first to wish you and yours a Happy Valentine's Day! Here are some delicious recipes and excellent gift ideas to keep in mind :) http://bit.ly/2NxUXaC Best, CLAUDIA G. ILCKEN DRE # 1700577.

CLASS ACTION COMPLAINT                                                                                                         PAGE 5

27. A true and correct copy of the text messages Plaintiff received and his revocation responses are produced below:



28. Upon information and belief, Ms. Ilcken spoke with Defendant regarding the unsolicited text messages Plaintiff kept receiving.

29. Plaintiff is informed and believes, Defendant's representative, employee, and or agent explained to Ms. Ilcken there was "a glitch in [its] system," and that it had made "a mistake."

30. Defendant's texts were not for the purpose of an emergency.

**CLASS ACTION COMPLAINT** PAGE 6

31. The text messages Defendant sent to Plaintiff consisted of a pre-written template of impersonal text and were identical to text messages Defendant sent to other consumers.

32. The language in the message was automatically generated and inputted into pre-written text template without any actual human intervention in the drafting or sending of the messages; the same exact message was sent to thousands of other consumers.

33. The telephone system Defendant used to send the messages constitutes an ATDS as defined by 47 U.S.C. § 227(a)(1) and *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

34. Upon information and belief, no human directed any single text message to Plaintiff's number.

35. In addition, upon information and belief the hardware and software combination utilized by Defendant has the capacity to store and dial sequentially generated numbers, randomly generated numbers or numbers from a database of numbers.

36. Defendant did not have Plaintiff's prior express consent to place automated text messages to Plaintiff on his cellular telephone.

37. The TCPA clearly prohibits making non-emergency calls or texts "using any [ATDS] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . .." 47 U.S.C. § 227(b)(1)(A). The statute provides for $500.00 in statutory damages for each negligent violation, *id.* § 227(b)(3)(B). However, if the court finds that the defendant "willfully or knowingly" violated the TCPA, it can award up to $1,500 in statutory damages. *Id.*

38. Defendant's texts forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular

1  telephone with one or more unwanted texts, having to respond to read and respond to the text messages, causing a nuisance and lost time.

39. The texts annoyed Plaintiff, invaded Plaintiff's privacy and solitude and consumed the battery life of Plaintiff's cellular telephone.

40. As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

41. Plaintiff seeks statutory damages and injunctive relief under 47 U.S.C. § 227(b)(3).

## STANDING

42. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) valid injuries in fact; (b) which are traceable to the conduct of Defendant; and (c) are likely to be redressed by a favorable judicial decision. *See, Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

*"Injury in Fact" Prong*

43. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as articulated in *Spokeo*. *Spokeo*, 136 S.Ct. at 1547.

44. For an injury to be "concrete" it must be a de facto injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). In this case, Defendant sent at least seven unwanted texts Plaintiff's cellular telephone, using an ATDS. Such texts are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and de facto.

45. For an injury to be "particularized" the injury must "affect the Plaintiffs in a personal and individual way." *Spokeo, Inc.*, 136 S.Ct. at 1543. In this case, Defendant invaded Plaintiff's privacy and peace by texing his cellular telephone, even after asking Defendant to stop, and did this with the use of an

ATDS. Furthermore, Plaintiff became preoccupied and annoyed reading and responding to Defendant's text messages. All of these injuries are particularized and specific to Plaintiff, and will be the same injuries suffered by each member of the putative Class.

***"Traceable to the Conduct of Defendant" Prong***

46. The second prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show his injuries are traceable to the conduct of Defendant.

47. Defendant's texts are directly and explicitly linked to Defendant. Defendant's agents confirmed they were texting Plaintiff by mistake. Defendant's texts are the sole source of Plaintiff's and the Class' injuries. Therefore, Plaintiff has illustrated facts that show his injuries are traceable to the conduct of Defendant.

***"Injury is Likely to Be Redressed by a Favorable Judicial Opinion" Prong***

48. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show the injuries are likely to be redressed by a favorable judicial opinion.

49. In the present case, Plaintiff's Prayer for Relief includes a request for damages for the texts Defendant sent, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative Classes.

50. Because all standing requirements of Article III of the U.S. Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

## CLASS ACTION ALLEGATIONS

51. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

52. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within the United States to whom, within four (4) years prior to the filing of this action, one or more text

message(s) promoting Defendants' goods or services was sent by Defendants or an affiliate, subsidiary, or agent of Defendants, utilizing an automatic telephone dialing system, without prior express written consent to be sent such text message(s).

**Subclass:**

All persons throughout the United States to whom, within four (4) years prior to the filing of this action, one or more text message(s) promoting Defendants' goods or services was sent by Defendants or an affiliate, subsidiary, or agent of Defendants, utilizing an automatic telephone dialing system, without prior express written consent to be sent such text message(s), and after said person had attempted to opt-out by messaging Defendant to stop, and through other means.

53. Defendant and its employees or agents are excluded from the Class.

54. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

55. **Numerosity.** Plaintiff does not know the number of members in the Class but believes the Class members number is in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter. The Class can be identified through Defendant's records and/or Defendant's agent's records.

56. **Existence and Predominance of Common Questions of Law and Fact.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    i. Whether, within the four years prior to the filing of the Complaint, Defendant sent any text message(s) (other than a text made for emergency purposes or made with the prior express consent of the texted party) to the Class members using any ATDS to any telephone number assigned to a cellular telephone service;

    ii. Whether Defendant's conduct was knowing and/or willful;

    iii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and

    iv. Whether Defendant should be enjoined from engaging in such conduct in the future.

57. **Typicality.** As a person who received texts from Defendant in which Defendant used an ATDS, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.

58. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the members of the Class in that Plaintiff has no interest antagonistic to any Class member. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

59. **Superiority.** A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those that would be presented in numerous individual claims.

60. Defendant has acted on grounds generally applicable to the Class, thereby

making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION:
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions of Defendant constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

63. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION:
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. The foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

67. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and each member of the Class is entitled to treble

damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

68. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

69. Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and each Class member the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Costs of suit;
- Attorneys' fees pursuant to, *inter alia*, the common fund doctrine; and
- Any such further relief as may be just and proper.

In addition, Plaintiff and the Class pray for further judgment as follows against each Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## FOR KNOWING AND/OR WILLFUL VIOLATION
## OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member
- treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

70. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: April 22, 2020

**KAZEROUNI LAW GROUP, APC**

By: *s/ Yana A. Hart*
Yana A. Hart, Esq.
*Attorneys for Plaintiff*
yana@kazlg.com

**PARKER COLE, P.C.**

By: *s/ Kevin J. Cole*
Kevin J. Cole, Esq.
*Attorneys for Plaintiff*
kevin@parkercolelaw.com